1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   CALIFORNIA CRANE SCHOOL, INC.,        No. 2:08-cv-00816-MCE-EFB
     a California corporation; JOHN
12   NYPL, an individual,

13          Plaintiffs,

14      v.                                 MEMORANDUM AND ORDER

15   NATIONAL COMMISSION FOR
     CERTIFICATION OF CRANE
16   OPERATORS,a non-profit
     corporation; THE INTERNATIONAL
17   ASSESSMENT INSTITUTE, a
     Florida corporation; GRAHAM
18   BRENT, an individual; ANTHONY
     MITCHELL, an individual;
19   ROBERT HORNAUER, an
     individual; DOES ONE through
20   100,

21          Defendants.

22                              ----oo0oo----

23

24      Through the present action, Plaintiffs California Crane

25   School and John Nypl ("Plaintiffs") seek damages under California

26   state law for antitrust violations, interference with prospective

27   business, interference with contract, and unfair competition and

28   false advertising.

                                    1

Plaintiffs filed the action in Superior Court of the State of California in and for the County of Nevada. Defendants National Commission for Certification of Crane Operators ("NCCCO"), International Assessment Institute ("IAI"), and several individuals including Robert Hornauer ("Hornauer"), later removed the action to this Court.  Presently before the Court is Plaintiff's Motion for Remand and Attorneys' Fees.[1]

**BACKGROUND**

Plaintiff Nypl, a California resident, is the sole owner of California Crane School ("CCS"), a California corporation that provides training courses designed to assist in the certification of crane operators in California.  Defendants NCCCO and IAI are incorporated, and maintain headquarters, in states other than California.  Together NCCCO and IAI are responsible for developing and administering the standards and tests required for crane certification in California. In the past, CCS worked closely with NCCCO and IAI to properly certify those who take their courses.

Defendant Hornauer is a NCCCO employee and a resident of California.  Plaintiffs claim that he plays an active role in the Defendants' "anti-competitive behavior and illegal activities," and name him as a defendant for all counts in the Complaint.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefings.  E.D. Cal. Local Rule 78-230(h).

On the other hand, Defendants allege that he is named as a
defendant for the sole purpose of destroying diversity.[2]
Accordingly, Defendants removed the action to this Court pursuant
to 28 U.S.C. §§ 1332 and 1441 on the grounds that Hornauer was
fraudulently joined.

In now moving to remand, Plaintiffs argue that the Complaint
as currently drafted contains claims to which Hornauer is
potentially liable.

**STANDARD**

Civil actions not premised upon federal questions are
removable to federal court only if there is complete diversity of
citizenship between the parties. 28 U.S.C. §§ 1332(a)(1), 1441.
Each of the plaintiffs' citizenship must be diverse from each of
the defendants'. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117
S. Ct. 467, 136 L. Ed. 2d 437 (1996). However, if the plaintiff
fails to state a cause of action against a non-diverse defendant,
and the failure is obvious according to settled state law,
joinder of the non-diverse defendant is fraudulent and the
defendant will be ignored for the purposes of determining
diversity. McCabe v. General Foods, 811 F.2d 1336, 1339 (9th Cir.
1987).

///

///

///

_____

[2] If Hornauer's California citizenship is disregarded,
complete diversity exists between the parties.

3

1    A defendant is entitled to present facts that prove

2  fraudulent joinder. <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d

3  1061, 1067 (9th Cir. 2001) (citing McCabe, 811 F.2d at 1339). The

4  court may also consider summary judgment-type evidence, such as

5  affidavits and deposition testimony. <u>Id</u>. at 1068 (quoting

6  <u>Cavallini v. State Farm Mutual Auto Ins. Co.</u>, 44 F.3d 256, 263

7  (5th Cir. 1995)).

8    "A 'strong presumption' exists against fraudulent joinder,

9  and all factual disputes and ambiguities in the controlling state

10 law must be resolved in favor of the non-moving party." <u>Rodriguez</u>

11 <u>v. Hall Ambulance</u>, 2007 WL 470624, *6 (E.D.Cal. 2007) (citing

12 <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)).

13   If the defendant cannot prove fraudulent joinder and the

14 federal court lacks jurisdiction, the action is remanded to state

15 court. 28 U.S.C. § 1447(c).  An order remanding a removed case to

16 state court "may require payment of just costs and any actual

17 expenses, including attorney fees, incurred as a result of the

18 removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 134,

19 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) (quoting 28 U.S.C.

20 § 1447(c)).  Courts may award attorney's fees only where the

21 removing party lacks an objectively reasonable basis for seeking

22 removal.  <u>Id</u>.

23

24                            **ANALYSIS**

25

26   As noted above, on a motion for remand, the alleged "sham"

27 defendant need only be potentially liable for one of the stated

28 causes of action.  <u>McCabe</u>, 811 F.2d at 1339.

4

The burden of proof is on the defendant/removing party to show
that the allegedly "sham" defendant can not be found liable under
established California law.  Gaus v. Miles, Inc., 980 F.2d 564,
567 (9th Cir. 1992).

     Plaintiffs' Third Cause of Action alleges tortious
interference with business against Defendant Hornauer.  Tortious
interference with business may also be referred to as intentional
interference with prospective economic advantage.  Fisher v. San
Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 618 (1989).  Under
California law, "The elements of intentional interference with
prospective economic advantage have been stated as follows:
(1) an economic relationship between the plaintiff and some third
party, with the probability of future economic benefit to the
plaintiff; (2) the defendant's knowledge of the relationship;
(3) intentional acts on the part of the defendant designed to
disrupt the relationship; (4) actual disruption of the
relationship; and (5) economic harm to the plaintiff proximately
caused by the acts of the defendant."  Westside Center Associates
v. Safeway Stores 23, Inc., 42 Cal. App. 4th 507, 521-522 (1996)
(internal quotations and citations omitted).

     Although mutually exclusive, the tort of intentional
interference with prospective economic advantage is similar to
that of interference with contract in many respects.  Under
California law, the difference between the two torts is found in
the "independent wrongfulness requirement of the tort of
interference with prospective economic advantage."  Korea Supply
Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (Cal. 2003).
///

While interference with a contract is considered wrong "in and of itself," the interference with a prospective economic advantage is not. Id. Therefore, an act must be unlawful in order to be considered wrongful under the tort of intentional interference with prospective economic advantage.

In the instant case, it is possible that a California Superior Court could find that Plaintiffs have stated a cause of action against Defendant Hornauer for tortious interference with business. The Complaint alleges the probability of future economic benefit between Plaintiffs and their current and past clients due to cyclical certification requirements. Compl. ¶ 43. It is not disputed that Defendant knew of these relationships. The Complaint also alleges several specific instances of unlawful interference which are allegedly "intended to disrupt plaintiff's relations with its customers" and "maintain an illegal monopoly." Compl. ¶¶ 44-45. Although these events are alleged generally against "defendants," Plaintiffs establish that Hornauer "fully, knowingly, and intentionally participated in the conspiratorial, tortious and illegal conduct alleged herein." Compl. ¶ 3. Additionally, Plaintiffs allege causation and damages. Compl. ¶¶ 46-48.

In considering a motion to remand for fraudulent joinder, the Court may consider evidence in addition to the Complaint. Morris, 236 F.3d at 1068. Defendants offer the Declarations of Hornauer and his supervisor in rebuttal to Plaintiffs' claims. However, the Declarations do not meet Defendants' burden in proving there is no reasonable possibility Plaintiff may have a claim against Hornauer.

6

1    Rather they seek to explain several events alleged in the

2    Complaint, but alone are not dispositive of the lack of a valid

3    claim against Hornauer.

4        Defendants argue, under <u>TPS Utilicom Services, Inc. v. AT&T</u>

5    <u>Corp.</u>, 223 F. Supp. 2d 1089 (C.D. Cal. 2002), that to withstand

6    fraudulent joinder, a plaintiff must have alleged specific,

7    intentional acts by the non-diverse defendant.  However, in <u>TPS</u>

8    <u>Utilicom</u>, the non-diverse defendant was deemed improper because

9    TPS based its joinder on speculation about future conduct, and

10   nothing in the complaint alleged any conduct on the part of the

11   non-diverse defendants. <u>Id</u>. at 1103.  The instant case is

12   distinguishable in that Hornauer was named as a defendant based

13   on actions he already allegedly completed, and not on speculation

14   about future acts that he may carry out.

15       Additionally, Defendants assert that Hornauer may not be

16   held liable for actions taken within the scope of his employment.

17   However, California Law is clear that under an intentional tort

18   action, all individual defendants shown to have participated are

19   liable for damages, even though the corporation may be liable as

20   well. <u>Golden v. Anderson</u>, 256 Cal. App. 2d 714 (1967); (employee

21   held liable for intentionally interfering with a contract to

22   which neither the employee nor the employer was a party); <u>Frances</u>

23   <u>T. v. Village Green Owners Ass'n</u>, 42 Cal. 3d 490 (1986);  <u>Klein</u>

24   <u>v. Oakland Raiders, Ltd.</u>, 211 Cal. App. 3d 67 (1989) (collecting

25   cases).  In the instant case, absent some immunity or privilege,

26   Hornauer is not shielded from liability merely because he was

27   acting within the scope of his employment.

28   ///

                                    7

1    Defendants also assert that Hornauer is immune from

2    prosecution under California's Manager's Privilege.

3    Consideration of the Manager's Privilege as a defense to a motion

4    to remand has been questioned.   See Ritchey v. Upjohn Drug Co.,

5    139 F.3d 1313 (9th Cir. 1998) (statute of limitations is a bar to

6    recover and therefore joinder was fraudulent, but normally courts

7    do not consider defendant's defenses); Collins v. Liberty Life

8    Ins. Co. of Boston, 2007 WL 1430088 (N.D. Cal. 2007) (noting that

9    manager's privilege is not procedural bar like statute of

10   limitations).   However, this Court need not determine the

11   applicability of the manager's privilege in a motion to remand

12   for fraudulent joinder because Defendants fail to show that,

13   under established California law, the privilege applies to the

14   facts of this case.

15    Under California's common law, the manager's privilege

16   protects an agent from individual liability for acts taken on

17   behalf of his employer or principal.   Huynh v. Vu, 111 Cal. App.

18   4th 1183, 1194 (2003).   Courts have noted that the scope of the

19   manager's privilege is neither clear nor consistent.   Id.

20   (discussing uncertainties as to whether the privilege offers

21   absolute or qualified immunity).   The privilege is designed to

22   protect the interests between an employee and his employer by

23   protecting otherwise tortuous activity as privileged when an

24   employee induces interference between her employer and another

25   employee or agent.   Los Angeles Airways, Inc. v. Davis, 687 F.2d

26   321 (9th Cir. 1982).

27   ///

28   ///

8

1  The privilege is not extended to instances where the interfering

2  employee or the employer have no rightful interest in the business

3  relationship.  See Klein, 211 Cal. App. 3d at 81.

4       In the case at bar, Defendants contend that the Complaint

5  alleges, in effect, that NCCCO and/or IAI refused to permit

6  Plaintiffs to act as agents of NCCCO or IAI.  Thus the Manager's

7  privilege applies to Hornauer and he cannot be held personally

8  liable for wrongful discharge or interference with contractual

9  relations so long as the discharge or contractual interference

10 was done on behalf of the employer, and not for the employee's

11 personal advantage.  Defendants cite cases in support of their

12 argument which pertain to a tortious interference created by a

13 manager or agent providing information to a employer.  Defs.'

14 Mem. in Supp. of Opp'n. to Remand p. 13 (citing Halvorsen v.

15 Aramark Unif. Services, Inc., 65 Cal. App. 4th 1383, 1393 (1998);

16 McCabe 811 F.2d 1336; Los Angeles Airways, Inc., 687 F.2d 321;

17 Olivet v. Frischling, 104 Cal. App. 3d 831 (1980)).  However,

18 several incidents alleged in the Complaint involve Hornauer

19 giving advice to a third party, to which neither Hornauer nor

20 NCCCO had a specific interest, regarding its business with

21 Plaintiffs.  This type of situation is not contemplated by the

22 line of cases cited by Defendants and settled California law does

23 not require this Court to find the Manager's privilege applicable

24 in the present situation.

25      For the reasons stated above, it is not clear that a

26 California Court would find that Plaintiffs failed to state a

27 cause of action for tortious interference with business against

28 Hornauer.

1  A non-diverse defendant need only be potentially liable for one
2  of the stated causes of action.  McCabe, 811 F.2d at 1339.
3  Therefore it is unnecessary for the Court to consider the
4  remaining causes of action against Defendant.  Accordingly,
5  Defendants have not met their burden of proof. Plaintiffs' Motion
6  to Remand based upon a lack of diversity is GRANTED.

7      As noted above, the award of Attorney's fees is
8  discretionary and should only be awarded when defendants lack an
9  objectively reasonable basis for seeking removal.  Martin, 546
10 U.S. at 134.  In this case, the facts as pled along with the
11 declarations create uncertainty as to the liability of Defendant
12 Hornauer and consequently there was reasonable basis for seeking
13 removal.  Accordingly, Plaintiffs' request for attorney's fees is
14 DENIED.

15
16                          **CONCLUSION**
17
18      For the reasons set forth above, Plaintiffs' Motion to
19 Remand is GRANTED, and Plaintiffs' Motion for Costs and
20 Attorney's Fees is DENIED.  The case is hereby remanded to the
21 Superior Court of the State of California in and for the County
22 of Nevada for all further proceedings.

23      IT IS SO ORDERED.
24 Dated: August 18, 2008
25
26                        _____
27                        MORRISON C. ENGLAND, JR.
28                        UNITED STATES DISTRICT JUDGE